UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILCARLO D'MARCONE, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| v. ) | No. 3:06-0671 |
| ) | Judge Echols |
| STATE OF ARIZONA, ) | |
| ) | |
| RESPONDENT. ) | |

## MEMORANDUM AND ORDER

The petitioner, proceeding *pro se*, brings this action seeking federal *habeas corpus* relief under 28 U.S.C. § 2254. The petitioner is an inmate in the Arizona State Prison Complex in Buckeye, Arizona.

Under Rule 4, Rules – Section 2254 Proceedings, the Court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If on the face of the petition it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

The petitioner was convicted in the Robertson County Circuit Court in 2002 on one count of fraud and two counts of writing bad checks. (Docket Entry No. 1, ¶¶ 1-2, 5). He was sentenced to 6 years probation. (Docket Entry No. 1, ¶ 5). It appears from the petition that the petitioner did not appeal his convictions or seek state post-conviction relief. (Docket Entry No. 1, ¶¶ 8, 10-11).

According to documents attached to the petition, the petitioner subsequently was convicted of theft in Arizona while on probation from the Tennessee convictions and sentenced to 8 years imprisonment in Arizona.[1]  (Docket Entry No. 1, Ex. H, J).

The relief that the petitioner seeks in this action is for the Court to order the Robertson County Circuit Court to sentence him absentia to serve his Tennessee sentence concurrently with his Arizona sentence or, in the alternative, to order Arizona to extradite him to Tennessee for those purposes and to amend his Arizona sentence to be served concurrently with his Tennessee sentence. (Docket Entry No. 1 at 15).  In either event, the result is the same – the petitioner seeks to avoid the possibility of having to serve his Tennessee sentences consecutive to his Arizona sentence by forcing the Tennessee courts to decide the probation violation issue now.

A petition filed under § 2254 typically is used to challenge the constitutionality of a petitioner's conviction and/or sentence, whereas 28 U.S.C. § 2241 generally is used to challenge the execution and/or manner in which that sentence is served.  *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).  It is clear from the petition that the petitioner is not challenging

---

[1] It cannot be determined from the record before the Court when the petitioner was convicted in Arizona.  However, it appears that a Tennessee warrant was issued on January 4, 2005 "alleging that the [petitioner] violated the terms of his probation by committing [the] offense . . . in Arizona." (Docket Entry No. 1, Ex. N).

2

the constitutionality of his convictions and/or sentences. Rather he is challenging the manner in which he is serving those sentences. Accordingly, the Court liberally construes the petition as having been brought pursuant to § 2241 rather than § 2245.[2]

Relief under § 2241 is available where a petitioner has been denied his rights under the Constitution and/or laws of the United States. *Id*. at (c)(3). Generally speaking, prisoners seeking *habeas corpus* relief under § 2241 are required to file their petition in the district court having jurisdiction over the prisoner's custodian. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). In this case, the district court having jurisdiction over the petitioner's custodian is the United States District Court District of Arizona. However, given that one of the petitioner's principal goals is to have a probation revocation hearing in Tennessee, the Court concludes that the matter before the Court is within its jurisdiction. 28 U.S.C. § 2241(d).

The petitioner's demand to serve his sentences concurrently carries with it the concomitant requirement that he be given a probation revocation hearing now. However, in *Moody v. Daggett*, 329 U.S. 78 (1976), the United States Supreme Court determined that

---

[2]The courts are required to construe *pro se* pleadings liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

3

the proper time to hold a parole/probation revocation hearing is "at the expiration of the . . . intervening sentence," in this case, when the petitioner's Arizona sentence expires. *Id*. at 89. As the petitioner's Arizona sentence has not expired, he has no grounds, constitutional or otherwise, to demand a probation revocation hearing in Tennessee at this time.

Even if the petitioner were able to show that he is entitled to have a determination of the probation violation issue at this time, such a showing still would be to no avail. Specifically, the petitioner does not have a constitutional right to serve his sentences concurrently. *United See States v. Smith*, 80 F.3d 1188, 1192 (7th Cir. 1996); *United States v. Mun*, 41 F.3d 409, 413 (9th cir. 1994); *Meagher v. Clark*, 943 F.2d 1277, 1281 (11th Cir. 1991); *Saulsbury v. United States*, 519 F.2d 1028, 1035 (5th Cir. 1979).

Finally, the petitioner seeks, in the alternative, to have this Court order the State of Arizona to extradite him to Tennessee for a probation revocation hearing and to amend his Arizona sentence to run concurrently with his Tennessee sentence. This Court has no authority to direct the State of Arizona how and where the petitioner should serve his Arizona sentence. If the petitioner wishes to pursue this avenue, then he must file a petition to that end in the United States District Court District of Arizona.

4

For the reasons explained above, the petitioner is not entitled to *habeas corpus* relief under § 2241. Accordingly, the petition is DENIED. Rule 8, Rules – Section 2254 Cases.[3]

A state prisoner incarcerated pursuant to a state conviction who seeks *habeas corpus* relief under § 2241 must obtain a certificate of appealability before filing an appeal. *Green v. Tennessee Department of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001). Where, as here, the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has independently determined that the petitioner has not made a substantial showing of a denial of a constitutional right in the matter before this Court, and that reasonable jurists would not find the Court's disposition of this action debatable or wrong. Therefore, should the petitioner file a timely notice of appeal from this Order, such notice shall be docketed as both a notice of appeal and an application for a COA, 28 U.S.C. § 2253(c);

---

[3] The rules pertaining to § 2254 cases are applicable to requests for *habeas corpus* relief brought pursuant to 28 U.S.C. § 2241. Rule 1(b), Rules – § 2254 Cases.

5

*Slack*, 529 U.S. at 483; Rule 22(b), Fed. R. App. P., which will NOT issue. *See Castro v. United States of America*, 310 F.3d 900, 901 (6th Cir. 2002); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 485-487 (6th Cir. 2001); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997).[4]

Entry of this Order shall constitute the judgment in this action.

It is so ORDERED.

_____
Robert L. Echols
United States District Judge

---

[4] Each of these cases pertain to petitions brought under § 2254. However, as noted *supra* at p. 4 n. 4, the rules pertaining to § 2254 cases are applicable to actions brought under § 2241. Accordingly, the Court concludes that *Castro*, *Murphy*, *Porterfield*, and *Lyons* pertain to actions brought under § 2241.